# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Eric Bernard Dixon, a/k/a Fat Cat, ) | |
| ) | |
| Petitioner, ) | C.A. No.: 2:10-cr-649-PMD-1 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner's motion for relief pursuant to Federal Rule of Civil Procedure 60(b) (ECF Nos. 168 & 188).[1] Petitioner asks me to vacate my order denying his motion for relief under 28 U.S.C. § 2255. He contends that I should have recused myself from the § 2255 proceedings. For the reasons stated herein, Petitioner's motion is denied.

## I.     Request for Recusal

As a preliminary matter, Petitioner has asked me to recuse myself from deciding his Rule 60(b) motion.[2] Beyond citing 28 U.S.C. § 455, he has not articulated any reason why I am disqualified from deciding the motion. That alone is sufficient to deny the request. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (stating judges are not required to recuse themselves "simply because of unsupported, irrational or highly tenuous speculation"); *McBeth*

---

1. Petitioner originally filed his motion on November 13, 2013. Reading the motion as an unauthorized successive habeas application, I denied it. Petitioner appealed. The Fourth Circuit held Petitioner's motion was a "mixed motion," as it contained several arguments that Petitioner could not assert without preauthorization but also raised one claim cognizable under Rule 60(b)—specifically, that I should have recused myself from the § 2255 proceedings. *United States v. Dixon*, 616 F. App'x 104, 105 (4th Cir. 2015) (per curiam). The Fourth Circuit vacated and remanded so that Petitioner could have an opportunity to decide how to proceed. *Id.* at 105; *see United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) ("When the motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application."). I issued a *Winestock* election order on December 22, 2015. On January 19, 2016, Petitioner filed a response in which he stated was limiting his motion to his one recusal-based ground.

2. In other words, Petitioner is asking me to recuse myself from deciding whether I should have recused myself.

*v. Nissan Motor Corp. U.S.A.*, 921 F. Supp. 1473, 1477 (D.S.C. 1996) ("The standard under § 455(a) . . . is not to be construed to require recusal on spurious or loosely based charges of partiality.").

Nonetheless, because Petitioner is proceeding *pro se*, I have carefully examined his motion for indicia of a ground for recusal. Petitioner asks that his motion be decided by "an impartial Judge not previously involved with or connected to this matter." (Mot., ECF No. 168, at 4.) I construe that request liberally as an argument that, due to my prior involvement in the case, I cannot impartially decide whether I should have recused myself from the § 2255 proceedings. However, my prior involvement does not disqualify me. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Out of an abundance of caution, I have also objectively considered whether there is any other reason that a reasonable person with knowledge of the relevant facts and circumstances might question my impartiality. *See Cherry*, 330 F.3d at 665; *see also Kohler Co. v. Infinger*, No. 7:13-cv-3511, 2014 WL 2050766, at *1 (D.S.C. May 16, 2014) ("The 'reasonable person' is not a judge, but is a 'well-informed, thoughtful observer,' who is not 'hypersensitive or unduly suspicious.'" (quoting *Rosenberg v. Currie*, No. 0:10-cv-1555-DCN-PJG, 2010 WL 3891966, at *1 (D.S.C. Sept. 3, 2010))). I am unable to identify any reasons that I should not rule on Petitioner's motion.

Finally, I note that Petitioner's request implies that judges should not decide recusal motions themselves. That notion has been thoroughly rejected. Generally, "[d]iscretion is confided in the district judge in the first instance to determine whether to disqualify himself . . . [because the] judge presiding over a case is in the best position to appreciate the implications of

those matters alleged in a recusal motion." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (citation omitted).

"[T]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994) (citations and quotations omitted); *see also* Code of Judicial Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified . . . . "). Accordingly, because I cannot discern a basis for recusing myself, I must address Petitioner's motion.

## II.    Merits of Petitioner's Rule 60(b) Motion

Petitioner's recusal claim relates to the involvement of the Federal Public Defender's office in his trial. Petitioner was originally represented by Robert Haley, an attorney in that office. United States Magistrate Judge Bristow Marchant later relieved Mr. Haley and appointed private practitioner Nancy Chiles to represent Petitioner. Donna Taylor, another private attorney, assisted Ms. Chiles at trial.

At trial, the Government subpoenaed witness Melvin Lawson to testify. Lawson refused, and I appointed Mary Gordon Baker—then of the Federal Public Defender's office[3]—to represent Lawson. I later determined that Lawson was an unavailable witnesses, and I admitted several of his recorded statements into evidence for the limited purpose of providing context for other evidence. The jury later found Petitioner guilty.

On direct appeal, Petitioner argued that appointing Ms. Baker to represent Lawson created a conflict of interest because Ms. Baker and Mr. Haley both worked for the same office. *See United States v. Dixon*, 481 F. App'x 806, 809 (4th Cir. 2012) (per curiam). Assuming

___
3.    Mary Gordon Baker is now a United States Magistrate Judge in this District. To reflect her status during Petitioner's trial, I refer to her in this order as "Ms. Baker." I mean no disrespect in doing so.

3

*arguendo* that I erred by appointing Ms. Baker, the Fourth Circuit affirmed because Petitioner could not establish that Ms. Baker's representation of Lawson prejudiced Petitioner in any way. *Id.* at 809–10.

Then, in his § 2255 motion, Petitioner again argued that appointing Ms. Baker created a conflict of interest. Recognizing that the Fourth Circuit had already ruled on that claim, I held that Petitioner could not raise it again in a collateral proceeding. *See United States v. Rush*, 99 F. App'x 489, 490 (4th Cir. 2004) (per curiam) ("An issue previously decided on direct appeal may not be raised on collateral review.") (citing *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976)).

Now, in his Rule 60(b) motion, Petitioner argues I should not have adjudicated his § 2255 motion because the conflict-of-interest claim therein put me in the position of reviewing one of my own decisions. Petitioner believes "[i]t is not reasonable to expect any jurist to rule on the propriety of his own decision[-]making." (Mot., ECF No. 168, at 2.) I disagree. Like anyone else, judges are capable of admitting and correcting their own mistakes. Recognizing that reality, our legal system contains multiple mechanisms that allow—if not obligate—judges to correct their own errors. For example, in civil cases, judges may correct errors of law, *see* Fed. R. Civ. P. 59(e), as well as clerical mistakes and mistakes based on oversight or omission, *see* Fed. R. Civ. P. 60(a). Thus, I must reject the argument that a reasonable person would question the propriety of me examining whether I erred.

Moreover, I never actually had the opportunity to decide whether it was improper to appoint Ms. Baker. Under *Rush*, the Fourth Circuit's prior ruling that the appointment did not prejudice Petitioner was dispositive of his conflict-of-interest claim in the § 2255 proceedings. In other words, the Fourth Circuit's ruling made the question of whether I erred academic.

4

Federal courts "lack[] the constitutional power to render advisory opinions or to decide abstract, academic, or hypothetical questions." *United States v. Santoro*, 208 B.R. 645, 648 (E.D. Va. 1997) (citation and internal quotation marks omitted).  Thus, I could not have reviewed the propriety of Ms. Baker's appointment.

For the above reasons, I conclude that I did not violate § 455.  However, even assuming that I did, I would not find it appropriate to vacate my prior order.  "[I]n determining whether a judgment should be vacated for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988); *see also Parker v. Connors Steel Co.*, 855 F.2d 1510, 1527 (11th Cir. 1988) (holding the *Liljeberg* factors apply in Rule 60(b) motions premised on violations of § 455(b)).

First, my participation in the § 2255 proceedings did not create any risk of injustice to Petitioner.  Under *Rush*, the Fourth Circuit's ruling on the conflict-of-interest issue would have prevented any judge hearing the § 2255 motion from ruling on the issue any differently than I did.  *See Parker*, 855 F.2d at 1526 ("It would . . . be ridiculous to remand this case and reassign it to another judge after we have already exercised plenary review and have concluded that summary judgment was proper."); *Daniels v. AFLOA/JACC*, No. 5:14-CV-00354 (LJA), 2015 WL 5063781, at *3 (M.D. Ga. Aug. 27, 2015) (finding failure to recuse created no risk of injustice to complaining party; case was so clearly barred by statute of limitations that case would have been dismissed "regardless of what judge ruled on it"); *Kennametal, Inc. v. Sandvik Inc.*, No. 2:09-CV-00857, 2012 WL 6681401, at *15 (W.D. Pa. Dec. 21, 2012) (finding failure to

5

recuse created no risk of injustice to complaining party where "any trial judge presented with the . . . record would be compelled" to make same ruling as judge at issue).

Second, denying Petitioner relief will not produce injustice in other cases. I denied his conflict-of-interest claim solely under a procedural rule that I am bound to apply. *See Daniels*, 2015 WL 5063781, at *3. Accordingly, there is no danger of my order in the § 2255 proceedings being misused in other cases.

Finally, the public's confidence in the judicial system will not be undermined by letting my order on the § 2255 motion remain in place. The rule from *Rush* is central to the effective functioning of our court system. It frees courts from spending public resources on issues that other courts have already decided, and it preserves the superior position appellate courts hold in relation to district judges. Thus, vacating the judgment would undermine public confidence, as it would cast doubt on the finality of the decisions that our appellate courts make. *See Daniels*, 2015 WL 5063781, at *3 (finding that "vacating the judgment would act to undermine the public's confidence in the fair and consistent application of the law" and noting that "adherence to procedural rules is the best guarantee of the 'evenhanded administration of the law.'" (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993))).

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's Rule 60(b) motion and recusal request are both **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**February 1, 2016**
**Charleston, South Carolina**

6